CHARLES J. SCHUCK, Judge.
On February 14, 1945, about seveny-thirty or eight P. M. while claimant was driving his truck and trailer in a northerly direction over and along U. S. route 119, and about four miles *173 north ol the city ol Charleston, a huge rock or boulder broke from the hillside immediately adjacent to the said highway, striking ami wrecking claimant's truck and causing some injuries to him personally. The hillside where the accident happened is almost perpendicular, is forty or fifty feet high, extending or sloping backward anti upward for several hundred feet from the lop or brink of the hill adjacent to the highway, and is composed ol rock, shale and dirt. It is a dangerous place on the route in question and as shown by the evidence the road commission or its employees in charge of the maintenance ol the said highway, realiy.ing its dangerous condition, made periodical examinations of the hillside and slope to remove rocks or earth loose or likely to fall on the highway and to do all things necessary to make the highway safe for the traveling public. Such examination was made and work performed on the said hillside as late as December ¿(), 1 944 or live or six weeks bel ore the accident. In addition, (he assistant highway superintendent of that district, who lives on the said route, passing this hillside almost daily and knowing of its condition, was, as he testified, always on the watch for any earth or rocks loose or likely to fall on the highway, and to take (he necessary precautionary measures to make the highway safe. No evidence was introduced to show that the boulder that fell was loose and might fall or that an examination of the hillside would reveal the likelihood of its slipping from its place, falling to the highway and perhaps causing damage to a traveler (hereon. On the contrary, so far as the evidence shows, the hillside, from the examination made shortly before the beginning of the year I'M1). was considered reasonably safe and all loose dirt and rocks had apparently been removed. We held in the ('lark case, referred to in the syllabus. as well as in the determination of other claims that "The stale is not a guarantor of safety to the traveling public, since if it had such burden placed upon it the stale as a whole might soon be bankrupt and unable to function as a commonwealth or as a body politic."
No negligence on (he part of the state or the agency involved is shown. Accordingly an award is denied and (he claim dismissed.